UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:06-CR-14(1) |
| | § | |
| UHKOTO DELEE CHATMAN | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On November 30, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by Wayne Dickey.

Uhkoto Delee Chatman ("Defendant" or "Mr. Chapman") was sentenced on October 31, 2006, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of conspiracy to Possess Stolen Mail, a Class C felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. Mr. Chatman was subsequently sentenced to 24 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include $7,315.21 restitution, financial disclosure, no new credit, and drug aftercare. On August 16, 2007, Mr. Chatman completed his period of imprisonment and began service of the supervision term in the Northern District of Texas. On March 29, 2010, Chief Judge David Folsom ordered that Mr. Chatman's conditions of supervised release be modified to include 180 days of location monitoring.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime**. Specifically, the

Government alleges as follows. On December 10, 2009, Defendant was indicted in the 316th Judicial District Court in Hutchinson County, Texas for Fraudulent Use or Possession of Identifying Information (2 counts). This offense entailed the unauthorized use of identifying information to defraud another person on or about July 24, 2009. As of the date of the petition, the felony charges remained pending. On February 4, 2010, Defendant was indicted in the York County Superior Court in Maine for Forgery and theft by Deception. These offenses entailed the forgery of a check with a face value exceeding $1,000, and the theft of a laptop computer by deception on or about October 13, 2009. As of the date of the petition, these felony charges remained pending.

2) **Defendant shall not leave the judicial district without permission of the Court or probation officer.** Specifically, the Government alleges as follows. Defendant left the judicial district without permission of the Court or probation officer as witnessed by his arrest in Maine on October 17, 2009.

3) **Defendant shall pay restitution in the amount of $7,315.21**. Specifically, the Government alleges as follows. Defendant failed to pay the restitution obligation in full. He has paid $1,650.00 toward his restitution obligation and currently owes an unpaid balance of $5,665.21.

The Court scheduled a revocation hearing November 30, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the second and third allegations. The Government dismissed the remaining allegation. Based upon Defendant's plea of true to the second and third allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing

Reform Act of 1984, it is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with an 18 month term of supervised release to follow said term of imprisonment. The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

Defendant shall pay restitution which originally totaled $7,315.21 to the victim listed in the "Victim Impact" section of the Presentence Report. The restitution payments shall begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. Interest is waived.

It is further recommended that Defendant provide the probation officer with access to any requested financial information for purposes of monitoring any payment schedule; that Defendant

shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; that Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; and that Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the second and third allegations be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with an 18 month term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that the Court impose the conditions of supervised release outlined above. It is further

**RECOMMENDED** that the Court request that Defendant be allowed to serve his term of imprisonment at the Federal Correctional Institute in Seagoville, Texas.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel

present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 30th day of November, 2010.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE